# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-1098V
Filed: January 19, 2016
UNPUBLISHED

| | |
|---|---|
| CARLETTA BOBER, | |
| Petitioner, | Ruling on Entitlement; Concession; Diphtheria-Tetanus-Acellular Pertussis ("Dtap") Vaccine; Shoulder Injury Related to Vaccine Administration ("SIRVA"); Special Processing Unit ("SPU") |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*John Robert Howie, Jr.*, Howie Law, P.C., Dallas, TX, for petitioner.
*Althea Walker Davis*, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On September 30, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act"]. Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a diphtheria-tetanus-acellular pertussis ("Dtap") vaccine she received on December 13, 2013. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 15, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent states that petitioner's "alleged injury is consistent with shoulder injury related to vaccine administration (SIRVA), and that it was caused-in-fact by the Dtap vaccine she received on December 13, 2013." *Id.* at 3. Respondent further agrees that no other causes were identified for petitioner's SIRVA

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

and that she has suffered the sequela of her injury for more than six months and therefore has satisfied all legal prerequisites for compensation under the Act.  *Id.*

**In view of respondent's concession and the evidence before me, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master